Peaeson, C. J.
Tbe counsel for the defendant on the trial below put the case on two grounds, both of which were presented by the evidence :
1st. That he was not guilty, “because he did not actually participate in the stilling.”
2d. Because “ there was no distillation.”
His Honor does not respond to either position, directly, but charged, in general terms, that “ if the jury, believed the evidence, the defendant was guilty.”
From this mode of putting the ease to the jury there is no telling whether they found the defendaht guilty upon, the testimony of the first witness or of the second, or of both ; for, although both witnesses are admitted to be entitled to credit, it may be that the jury acted on the testimony of the first, not being able to find, from the testimony of the second witness, that .the defendant was present, or, if present, that he had anything to do with the «tilling, which is a work which may not require more than one hand. If this witness referred to the three persons against whom the bill was found, or to the iwo who were on trial, and'the jury found on his testimony, it cannot be understood why they acquitted William Summey. Or it may be that the jury acted on the testimony of the 8econd witness; .supposing tho first might be mistaken in regard to the conversation which he had heard. In this state of tire case it follows that the defendant is entitled to a venire de novo, if the point made upon the testimony of either of the witnesses- ought to have been ruled in his favor. For we are obLged to suppose that his Honor overruled both positions, or impute to him á want of candor, by which the jury were left in the dark, as to hi» opinion on the questions of law, and this Court would not be able to review it. ,
*111 When counsel make a point which arises on the evidence, and expressly, or by implication as in. this case, requests the opinion of the Judge, and he declines to give it, or fails to do so by a general charge like the one under consideration, it is error ; notwithstanding there is another view of the case arising on other parts*of the evidence, .which is against the party. The statute requires a Judge to “ state to the Jury in a full and correct manner, .the evidence giyen in the case, and to declare and explain the law arising thereon.” He is not required to recapitulate the evidence in detail —but he is required to put the .ease to the jury in such a way, as to make it, appear by the record, what facts the-jury find, and what is his opinion as to the law ; so that his. opinion may be reviewed by this Court.
A general cha'rge is only allowable in special cases, when these purposes are otherwise fully answered. Gaither vs. Forebee, 1 Winston, 310, State vs. Norton, Id., 303. These cases' dispose of the subject. They were decided at June Term last, and we presume his Honor had not read them.
This Court is of opinion, fcha-t in order to justify a conviction under tbe statute, it must be proved that the party either distilled grain himself, or procured it to be done ; .and that tbe fact that the defendant “ leased or hired” his still-house and still to one who had corn, for the purpose of distilling the corn, and that it was in ract distilled by him at the house and in the still, Ihe defendant Having 'no interest in tho spirits, does not make him guilty of a violation of the statute. " . . .
Upon the second point the Court is of opinion that to run beer, made of corn, through the process of distillation once, is a violation of the statute j for spirituous *112 liquer is thereby distilled out of corn ; and, although the liquor is improved by running it through twice, that i* not necessary in order to make it “ spirituous liquor/’ ■within the meaning of the ’statute.
This decision must be certified to the Superior Court.